UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNICORN ENERGY GMBH,<br><br>    Plaintiff,<br><br>v.<br><br>TESLA INC.,<br><br>    Defendant. | Case No. 21-cv-07476-BLF<br><br>**ORDER GRANTING MOTION TO FILE FIRST AMENDED ANSWER** |

Before the Court is Defendant Tesla, Inc.'s ("Tesla") motion for leave to file a first amended answer in this patent infringement action brought by Unicorn Energy GMBH ("Unicorn"). Tesla seeks to add an inequitable conduct defense. *See* Mot., ECF No. 127. Unicorn opposes. *See* Opp'n, ECF No. 138.

Pursuant to Civil Local Rule 7-1(b), the Court finds that Tesla's motion is appropriate for determination without oral argument. Based on the below reasoning, the Court GRANTS Tesla's motion.

**I.   BACKGROUND**

On October 26, 2020, Unicorn filed a complaint against Tesla in the Eastern District of Texas, alleging that Tesla's manufacture, use, sale, and offers to sell its Powerpack infringed Unicorn's U.S. Patent No. 10,008,869 (the "asserted patent"). *See* ECF No. 1, ¶ 1. Tesla answered on December 17, 2020, denying the alleged infringement and asserting affirmative defenses. *See* ECF No. 13. Tesla also moved to transfer the case to this District under 28 U.S.C. §1404. ECF No. 12.

On February 9, 2021, Unicorn amended its complaint, adding Tesla's Megapack and Powerwall products as accused products. *See* ECF No. 29, ¶ 1. Tesla answered Unicorn's first

1 amended complaint on February 23, 2021, denying that the additional products infringed the
2 asserted patent.  *See* ECF No. 38.  Tesla also amended its motion to transfer.  *See* ECF Nos. 37.
3   Judge Gilstrap, presiding in the Eastern District of Texas, granted Tesla's motion to
4 transfer on September 3, 2021 (*see* ECF No. 80), and this case was transferred to this District on
5 September 28, 2021 (*see* Dkt. 84).
6   On March 14, 2022, this Court adopted a modified version of the parties' joint stipulation
7 regarding further case deadlines, including a deadline of August 2, 2022, for the parties to request
8 leave to amend the pleadings.  *See* ECF No. 118 at 2.  Tesla timely moved to amend its answer on
9 August 2, 2022.  *See* Mot.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  A district court ordinarily must grant leave to amend unless one or more of the following "*Foman* factors" is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id.*  However, a strong showing with respect to one of the other factors may warrant denial of leave to amend.  *Id.*

## III. DISCUSSION

Tesla seeks to amend its answer to add an inequitable conduct defense.  The proposed amendment alleges that the patent attorney who prosecuted the application that would become the '869 Patent withheld material prior art from the USPTO with the specific intent to deceive the patent examiner. Mot. 4.  Tesla argues that the Court should grant leave to amend because none of the *Foman* factors is present and justice so requires.  *Id.* at 3-6.  Unicorn opposes, arguing that (1) Tesla unduly delayed in bringing its motion to amend, and (2) Tesla's proposed amendment is futile because it fails to meet the heightened pleading requirements of Federal Rule of Civil

Procedure 9(b). Opp'n 4-10.

Unicorn does not dispute Tesla's contention that granting leave to amend will not unduly prejudice Unicorn. Mot. 5. This lack of prejudice strongly counsels in favor of granting Tesla's motion for leave to amend. *See Eminence Capital*, 316 F.3d at 1052 ("[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."). Unicorn instead focuses on two other *Foman* factors: (1) undue delay and (2) futility of amendment. The Court addresses each argument in turn.

The Court finds that Tesla has not unduly delayed filing its motion to amend. Tesla contends in its opening brief that it uncovered the facts supporting its defense with "reasonable diligence." Mot. 4. But Tesla does not dispute Unicorn's contention that Tesla knew of these facts at least as early as October 2021—ten months before Tesla filed its motion to amend. *See* Opp'n. 10. A ten-month delay may be undue in some circumstances. But here, where the proposed amendment was timely filed under the Court's ordered deadline and submitted over a year before the close of fact discovery, the Court does not find undue delay. *See Giuliano v. SanDisk Corp.*, No. C 10-02787 SBA, 2014 WL 4685012, at *5 (N.D. Cal. Sept. 19, 2014).

The Court also finds that Unicorn has failed to meet its heavy burden of proving futility of amendment. Ordinarily, "courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, No. 19-CV-01279-LHK, 2020 WL 836712, at *14 (N.D. Cal. Feb. 20, 2020) (quoting *Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 WL 3503071, at *4 (N.D. Cal. Aug. 1, 2019)). This is because a proposed amendment is futile for the purposes of a motion for leave to amend only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid claim or defense, and such arguments are better left for full briefing on a motion to dismiss. *Id.*

The Court cannot say at this stage that there is no set of facts that can be proved under the amendment to the pleadings that would constitute a valid claim or defense. *See Microsoft*, 2020 WL 836712, at *14. "The substantive elements of inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative

3

misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009). Tesla's proposed answer alleges facts to support that the patent attorney who prosecuted the application that issued as the asserted patent knowingly withheld material prior art from the PTO. The answer identifies the allegedly material prior art reference and alleges facts to support materiality, including that the PTO found the reference to be invalidating prior art to the claims of an application that shares a common ancestor with the asserted patent. ECF No. 127-3, ¶ 76. It further alleges that the patent attorney knew of the allegedly material reference because he prosecuted both applications. *Id.* ¶¶ 71-81. Finally, it alleges that the patent attorney did not disclose the reference while prosecuting the application that would become the asserted patent. *Id.* ¶ 80. At this stage, based on these allegations, the Court declines to find that Unicorn has shown futility of amendment.

The Court's decision is not meant to suggest that Tesla's allegations are necessarily pled in a manner sufficient to withstand a motion to dismiss or strike. *See Snap!*, 2019 WL 3503071, at *4 ("Ordinarily, however, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." (quotation marks omitted)). And more robust factual pleading of the materiality element as described in *Exergen* may be required upon later review. Unicorn is of course free to move to dismiss or strike this affirmative defense at a later stage.

Given that Unicorn does not dispute the lack of prejudice and is unable to make a "strong showing" any other *Foman* factor, *see Eminence Capital*, 316 F.3d at 1052, the Court GRANTS Tesla leave to amend its answer as proposed in ECF No. 127-3.[1]

---

[1] In addition to adding the affirmative defense of inequitable conduct, Tesla's proposed amended complaint appears to have several non-substantive revisions that Unicorn has not opposed. *See, e.g.*, ECF No. 127-4 ¶ 61. The Court therefore permits Tesla to include these revisions.

**IT IS SO ORDERED.**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Tesla's motion to file a first amended answer is GRANTED; and

2. Tesla SHALL file its proposed first amended answer on or before November 1, 2022.

Dated: October 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge