**ORRICK, HERRINGTON & SUTCLIFFE LLP**
David I. Gindler (Bar No. 117824)
dgindler@orrick.com
David C. Jonas (Bar No. 320888)
djonas@orrick.com
355 South Grand Avenue, Ste 2700
Los Angeles, CA 90071-1596
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Gary N. Frischling (Bar No. 130583)
gfrischling@orrick.com
631 Wilshire Boulevard, Ste 2-C
Santa Monica, CA 90401
Telephone: +1 310 633 2800
Facsimile: +1 310 633 2849

Travis M. Jensen (Bar No. 259925)
tjensen@orrick.com
1000 Marsh Road
Menlo Park, California 94025-1015
Telephone: +1 650 7400
Facsimile: +1 650 7401

Erin M. B. Leach (Bar No. 308347)
eleach@orrick.com
2050 Main Street, Suite 1100
Irvine, CA 92614
Telephone: +1 949 852 7766
Facsimile: +1 949 567 6710

Jordan B. Fernandes (*pro hac vice*)
jfernandes@orrick.com
51 West 52nd Street
New York, NY 10019-6142
Telephone: +1 212 506 3601
Facsimile: +1 212 506 5151

*Attorneys for Plaintiff*
*Unicorn Energy AG*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| UNICORN ENERGY AG<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC.<br><br>Defendant. | Case No. 5:21-cv-07476-BLF-SVK<br><br>**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE AND RULE 72(a) OBJECTION**<br><br>**PUBLIC REDACTED**<br><br>Place: Courtroom 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman<br><br>Action Filed: October 26, 2020<br>Trial Date: September 9, 2024 |

**MAGISTRATE JUDGE'S ORDER TO WHICH AN OBJECTION IS MADE**

Unicorn Energy AG ("Unicorn") moved to amend its infringement contentions on September 14, 2023. Dkt. 234. The Court referred the motion to Magistrate Judge van Keulen, who held two hearings at which she granted part and denied part of the motion. Dkt. 279. Unicorn objects to a subset of the denied amendments, highlighted in yellow in Exhibit 1, filed herewith. The denied amendments to which Unicorn does not object are struck through.

**RELIEF REQUESTED**

Pursuant to Rule 72(a), Unicorn objects to the Magistrate Judge's Order with respect to the yellow-highlighted amendments in Exhibit 1 and requests that the Court allow those amendments.

**STATEMENT OF REASONS AND AUTHORITIES**

Unicorn moved to amend its contentions based on Tesla's recently produced nonpublic information. Unicorn now objects to three categories of denied amendments: (1) amendments addressing Megapack 2 ("MP2") based on schematics produced for the first time this July (*see* Ex. 1, 94, 101-05, 113, 117-19, 121, 124, 127-30, 212); (2) amendments confirming that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*see id.*, 3, 162); and (3) amendments providing further details on how Tesla's accused products separate from the network medium and communicate indirectly (*see id.*, 23-24, 26, 43-47, 84-86, 107-08, 125, 194-95, 202-07).

**I.    LEGAL STANDARD**

"A party may serve and file objections to [a magistrate's non-dispositive] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "[F]actual determinations are reviewed for clear error," and "legal conclusions are reviewed to determine whether they are contrary to law." *Rojas v. Bosch Solar Energy Corp.*, No. 18-cv-05841-BLF, 2020 WL 6557547, at *2 (N.D. Cal. July 20, 2020) (internal quotations omitted).

**II.   MEGAPACK 2**

Unicorn's initial contentions map the Megapack 1 architecture to the claims. At the time, based on documents available to it, Unicorn understood ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Dkt. 270, 38:16-21. On July 11, Tesla

1    produced schematics *for the first time* showing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
2    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Unicorn examined Tesla's 30(b)(6) deponent on these schematics on
4    August 18. Then, on August 28, despite previously representing that it had produced "the entire
5    source code" (Dkt. 290-2, 21), Tesla produced MP2 source code *for the first time*.

6        The Magistrate denied these amendments, even though they are based on late-produced
7    documents, on the ground that the documents "could have been compelled for production sooner."
8    Dkt. 284, 47:25-48:6; *see also* Dkt. 270, 77:19-78:2. The Magistrate committed legal error by
9    flipping the burden and obligating Unicorn to compel documents that Tesla was required to
10   produce earlier. Unicorn's initial infringement contentions accused MP2 by name. Dkt. 275-3, 2.
11   Patent Local Rule 3-4(a) required Tesla to produce "[s]ource code [and] schematics . . . sufficient
12   to show the operation of" the relevant aspects of MP2 at the time it served its invalidity contentions
13   on June 24, 2022. But it did not do so until July 11 (schematics) and August 28 (source code) of
14   this year. *Illumina Inc. v. BGI Genomics Co.* is on point. No. 20-cv-01465-WHO, 2021 WL
15   2400941 (N.D. Cal. June 11, 2021). There, the court found non-movant's "failure to produce any
16   document about CoolMPS's chemical structure pursuant to Patent L.R. 3-4(a) meant that [movant]
17   could not have discovered the basis for amendment with requisite diligence." *Id.* at *6. So too here.

18       The Magistrate's opinion was also premised on three clearly erroneous factual
19   assumptions. ***First***, no evidence suggests a motion to compel would have resulted in Tesla's earlier
20   production of the schematics or code. In fact, correspondence tells another story: Unicorn asked
21   for "documentation that would allow [it] to trace [the path of the] current" and "information" for
22   all accused products (including MP2). Dkt. 176-11, 5-6. Documents responsive to Unicorn's
23   requests would have provided the information necessary for Unicorn to amend. Yet Tesla took the
24   position that its production was sufficient, calling Unicorn's assertion that there were further
25   documents to be produced "demonstrably wrong." Dkt. 176-16, 4.

26       ***Second***, the Magistrate said the issue of ▮▮▮▮▮▮ was "raised in much of the parties' earlier
27   meet and confer over sufficiency of this contention." Dkt. 270, 77:19-78:2. That is incorrect.
28   Throughout the parties' correspondence and prior motion practice, the word ▮▮▮▮▮▮▮▮ was *never*

mentioned. In briefing on that prior motion practice, Unicorn noted that its Megapack contentions include that communication can occur "via a CAN bus." Dkt. 186-1, 9. Tesla replied that MP2 does not use a "daisy chain" (one way of connecting devices on a bus), but not that the MP2 lacked the accused CAN bus altogether. Dkt. 189-2, 1. At the hearing on the prior motion, Tesla revealed *for the first time* that MP2 "doesn't have either of those components" (a daisy chain *or a CAN bus*). Dkt. 214, 40:3-4. But Tesla still did not mention ▮▮▮▮ *See id. Mere hours later*, Tesla produced new schematics showing ▮▮▮▮

**Third**, the new MP2 schematics were not cumulative of "documents [that] were produced in 2021." Dkt. 270, 77:19-78:2. Tesla identified only two documents to show that its tardy production of actual schematics was cumulative. Both reflect a product under development, and neither describes the finished *commercial* implementation as required by Patent Local Rule 3-4(a). The first document includes a slide, "MP2/MP2 XL LV Architecture *Proposal*," that contemplates ▮▮▮▮ Dkt. 260-7, -99. The second document contains an untitled schematic (with no metadata) of an unidentified product that Tesla now asserts (based on a related email) is an "MP2BlockDiagram." Dkt. 284, 29:15-21. Regardless, this document too shows an unfinished design. *Id.*, 21:25-22:25; Dkt. 290-2, 8-9. And it contradicts the first document by showing communication **is** via a CAN bus, ▮▮▮▮ Dkt. 275-8, -06; *see also* Dkt. 275-1, 5 (identifying other flaws in the document). Because neither describes the MP2 as commercially released and, in fact, because both *misdescribe* the commercial MP2, these documents are not "sufficient to show the operation of any aspects or elements of" MP2 as required by Patent Local Rule 3-4(a).

The Magistrate found that "prejudice weighs very heavy in this case because of where we are in the case." Dkt. 284, 45:23-24. The Magistrate did not, however, identify any particular prejudice to Tesla, from "where we are in the case" or otherwise. *See id.* Even if Unicorn's amendments offered new theories (which they do not), they were presented almost a year before trial—and only because of Tesla's tardy production of MP2 schematics and code. Again, *Illumina* is on point. There, the court found non-movant had "plenty of time to address" amendments, even though "fact discovery [had] closed," where there were "more than five months left until trial."

1  2021 WL 2400941 at *7. As to ▓▓▓ Tesla's 30(b)(6) deponent testified that ▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ so there is no change in the theory of how
3  the device communicates. Dkt. 275-4, 243:13-19. As to ▓▓▓▓▓▓ there is no prejudice
4  because Tesla was already on notice from Unicorn's initial Powerwall 2 AC contentions that ▓
5  ▓▓▓▓▓▓▓ meets the gateway and switch limitations (Dkt. 275-3, 129-30, 151) and Tesla's
6  invalidity contentions and expert report map ▓▓▓▓▓▓▓▓▓▓ to these same limitations
7  (Dkt. 290-2, 12-13). In contrast, the prejudice to Unicorn is vast. The Magistrate erred in excusing
8  Tesla's dilatory discovery practices, allowing Tesla to gut Unicorn's MP2 infringement case.

9  **III.   POWERWALL+ BUNDLE**

10         Unicorn's initial contentions accused "Powerwall 2 AC." Dkt. 275-3, 2-3. ▓▓▓
11  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Dkt. 275-4, 88:4-6. Specifically,
12  Tesla's technical 30(b)(6) deponent explained that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*, 88:8-13. Unicorn is not accusing ▓▓▓▓▓▓
15  ▓▓▓▓▓▓▓▓▓▓ It is accusing the Powerwall 2 AC, whether standalone or bundled
16  with an accessory. Indeed, Tesla's technical 30(b)(6) deponent confirmed that ▓▓▓▓
17  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.*, 88:22-25.
18  Moreover, the initial contentions accused "the *Powerwall* . . . ***in all versions, configurations, and***
19  ***variations***, including . . . *Powerwall 2 AC*." Dkt. 275-3, 2-3; *see also* Dkt. 275-5, 22:11-13
20  (financial 30(b)(6) deponent describing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓).
21         Since it was moving to amend in other respects, Unicorn took the opportunity to expressly
22  name the Powerwall+. *Cf.* Dkt. 270, 38:15-21. Despite the testimony of its 30(b)(6) deponents,
23  Tesla presented self-serving (and contradictory) attorney argument that ▓▓▓▓▓▓
24  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
25  ▓▓▓▓▓▓▓▓▓▓▓ Dkt. 284, 9:24, 11:4-6. The Magistrate denied the amendment, crediting
26  Tesla's attorney argument. But "attorney argument is not evidence," and Tesla offered no *evidence*
27  to support its attorney argument. *Gallego v. Hunts and Henriques, CLP*, No. 19-cv-07596-VC,
28  2020 WL 3118576, at *1 (N.D. Cal. June 12, 2020). That is clearly erroneous.

## IV. DROOP CURVE DEADBAND

Unicorn moved to amend based on the ███████ adding further evidence to support its existing theories. ███████ *See, e.g.*, Dkt. 275-3, 82-83, 88-89 (initial contentions addressing ███████). ███████ Dkt. 275-4, 193:6-8. ███████ *Id.*, 227:24-228:18.

The Magistrate ruled that these amendments "don't appear as proposed to be sufficiently tethered to an existing contention, and, therefore, they appear to be unduly prejudicial to amend at this stage." Dkt. 284, 48:12-15; *see also* Dkt. 270, 96:25-97:4. That determination is clearly erroneous. The initial contentions explain, e.g., that ███████ Dkt. 275-3, 27. This is precisely what ███████ (Dkt. 275-4, 193:6-8)—and is plainly "tethered" to the initial contentions.

Unicorn also moved to amend to clarify its existing contention that the accused products communicate ███████ The Magistrate denied these amendments as "introducing new theory and too highly prejudicial." Dkt. 270, 64:9-11. Again, that determination is clearly erroneous. The initial contentions explain, e.g., that ███████ Dkt. 275-3, 24. Tesla provided testimony on August 18 and source code on August 28 that further details that indirect communication. *See, e.g.*, Ex. 1 at 43-44. Adding those newly-revealed details is not stating a new theory. And even if it were, it would be proper under *Illumina* as discussed above.

Dated: November 21, 2023

Respectfully submitted,

**ORRICK, HERRINGTON & SUTCLIFFE LLP**

By: /s/ *David I. Gindler*

David I. Gindler

*Attorney for Plaintiff Unicorn Energy AG*