# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNICORN ENERGY GMBH,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA INC.,<br><br>    Defendant. | Case No. 21-cv-07476-BLF<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>[Re: ECF No. 309] |

Before the Court is Tesla's Administrative Motion to File Under Seal Order Denying Unicorns Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge Dkt. 307. ECF No. 309 ("Motion"). For the reasons discussed below the Motion is GRANTED.

## I.    LEGAL STANDARD

"Because a motion to amend infringement or invalidity contentions is a non-dispositive motion" for sealing purposes, "the 'good cause' standard applies." *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 12642225 (N.D. Cal. Apr. 17, 2014). The Ninth Circuit has held that the presumption of access to judicial records does not apply where the documents at issue, as here, are being filed in connection with a non-dispositive motion. *See In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Where, as here, the appropriate legal standard is "good cause," the Court may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("A 'good cause' showing will suffice to seal documents produced in discovery.") (citing Fed. R. Civ. P. 26(c)). A party seeking to file materials under seal must make a "particularized showing of good cause" with respect to each individual sealing request. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003).

## II.   DISCUSSION

The document at issue is the Court's order regarding the Plaintiff's motion for relief, which concerns amendment to infringement contentions. Since it is a non-dispositive order, for sealing purposes, "the 'good cause' standard applies." *Verinata Health*, 2014 WL 12642225, at *1.

Tesla seeks to seal highlighted portions of the Court's Order that contain specific technical details regarding Tesla's Powerwall, Powerpack, and Megapack products ("Tesla Products") because the materials sought to be sealed include specific technical details about Tesla's Products. Motion at 2. Tesla further seeks to seal highlighted portions of the Court's Order that contain Tesla's strategic and operational information about Tesla's commercial activities because the materials sought to be sealed include specific information about future products. *Id.* at 3; ECF No 309-1 ("Smith Decl.") ¶ 6.

The Court finds that good cause exists to seal the highlighted portions of the document. *Kamakana*, 447 F.3d at 1180. Furthermore, the Court finds that Tesla has made a "particularized showing of good cause" with respect to each individual sealing request. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). The Court's ruling is summarized below:

| ECF No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF No. 307 | Order Denying Unicorn's Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge ("Court's Order") | Highlighted portions at 1:27, 3:5-7, 3:14, 3:16-17, 3:19, 4:1, 4:4, 4:13-14, 5:5, 6:9, 6:12-14, 6:18-20, 6:23-25, 6:27, 7:12-14, 7:16-19, 7:21, 7:25, 7:28-8:5, 8:9, 8:15-16, 8:18-19, 9:3-4, 9:6-7. | Granted, as the highlighted portions of this document reflect specific technical details and Tesla's strategic and operational information. Smith Decl. ¶¶ 5-6. |

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Tesla's Motion at ECF No. 309 is GRANTED.

Dated: December 20, 2023

_____
BETH LABSON FREEMAN
United States District Judge

2