UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNICORN ENERGY AG,<br><br>    Plaintiff,<br><br>    v.<br><br>TESLA INC.,<br><br>    Defendant. | Case No. 21-cv-07476-BLF<br><br>**ORDER DENYING UNICORN'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF No. 291] |

Plaintiff Unicorn Energy AG ("Unicorn") filed a Motion for Relief from Magistrate Judge Susan van Keulen's Nondispositive Pretrial Order (ECF No. 279 ("Order")), which granted in part and denied in part Unicorn's motion to amend its infringement contentions. ECF No. 291 ("Mot."). Unicorn asks this Court to reverse a portion of Judge van Keulen's Order. Mot. at 1. Tesla opposes the motion. ECF No. 301 ("Opp."). Unicorn's motion is DENIED for the reasons described below.

**I.   BACKGROUND**

Unicorn's original infringement contentions were based largely on a published Tesla patent application ("Ozbek") produced in this case. On the last day of fact discovery, Unicorn moved to amend its contentions (ECF No. 234) based on recent productions by Tesla. Mot at 1; Opp. at 2. Judge van Keulen heard argument on November 7, 2023 and November 14, 2023. *See* ECF No. 304 ("11/7 Hearing Tr."); ECF No. 284 ("11/14 Hearing Tr."). Relevant to this motion for relief, Judge van Keulen granted in part and denied in part Unicorn's motion to amend its infringement contentions. Specifically, Judge van Keulen denied Unicorn's motion to amend for three categories: Megapack 2, Powerwall+ Bundle, and the ▮▮▮▮▮▮▮▮. 11/14 Hearing Tr.; Order.

1    Judge van Keulen found that "prejudice weighs very heavy in this case" because the
2    motion to amend was filed on the last day of fact discovery and "well into the exchange of expert
3    reports." 11/14 Hearing Tr. 45:23-46:3. Judge van Keulen also noted that diligence is an
4    important factor and found that the purportedly late-produced documents at issue could have been
5    produced or compelled sooner, and that the depositions could have been taken earlier. *Id.* 46:8-13.
6    On November 15, 2023, Judge van Keulen issued a written order summarizing her findings.
7    Order. Unicorn timely objected to the order. ECF No. 291.

## II.    LEGAL STANDARD

Pretrial orders issued by a Magistrate Judge may be reversed only if they contain "clear error." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Patent L.R. 3-6 permits amendment of infringement contentions "only by order of the Court" and only upon a "timely showing of good cause." Patent L.R. 3-6. The rule lists several examples of "circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause." *Id.* These include:

> (a) A claim construction by the Court different from that proposed by the party seeking amendment; (b) Recent discovery of material, prior art despite earlier diligent search; and (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

*Id.* "In determining whether a party has established good cause, courts first look to whether the party has shown that it has acted with diligence." *Illumina Inc. v. BGI Genomics Co*, No. 20-cv-01465-WHO, 2021 WL 2400941, at *3 (N.D. Cal. June 11, 2021). Where the party seeks amendment based on recently discovered information, "the critical issue is not *when* [the party seeking amendment] discovered this information, but rather, whether they *could have* discovered it earlier had [they] acted with the requisite diligence." *Google, Inc. v. Netlist, Inc.*, No. C 08-4144 SBA, 2010 WL 1838693, at *2 (N.D. Cal. May 5, 2010) (emphasis in original). "[I]f the moving party was not diligent, the inquiry should end." *Illumina*, 2021 WL 2400941, at *3 (quoting *Apple Inc. v. Samsung Electronics Co. Ltd.*, No. 12-CV-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (internal quotation marks omitted).

2

## III. DISCUSSION

Unicorn objects to three categories of denied amendments: (1) amendments addressing Megapack 2 ("MP2") based on schematics produced for the first time this July (*see* ECF No. 292-2, First Amended Infringement Contentions) at 94, 101-05, 113, 117-19, 121, 124, 127-30, 212); (2) amendments confirming that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and sold under the name Powerwall+ (*see id.* at 3, 162); and (3) amendments regarding the "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" and how Tesla's accused products separate from the network medium and communicate (*see id.* at 23-24, 26, 43-47, 84-86, 107-08, 125, 194-95, 202-07). The Court reviews these three categories in turn.

### A. Megapack 2

Judge van Keulen found that the Megapack 2 theory disclosed in Unicorn's First Amended Infringement Contentions was a new theory and that Unicorn could have moved to compel information required to make this theory earlier had it acted diligently. Specifically, she found:

> With regards to the Megapack 2 ▮▮▮▮▮▮▮▮▮, I looked carefully at this, again at the parties' respective arguments, at how the contentions were originally and what the proposed amendments are, and we are -- it does appear that this is a new theory, and that it's mapping to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The fact that it was -- an ▮▮▮▮▮▮▮▮▮ was mapped in another product does miss the point, in that it's not been in these allegations, and, again, the documents could have been produced, could have been compelled for production sooner, and there may even be an argument that the documents that were produced in 2021 certainly addressed Megapack 2 and reflected ▮▮▮▮▮▮▮, but, if that wasn't enough, Unicorn could have followed up, if it wanted to include that line of its infringement theory.

11/14 Hearing Tr. 47:16-48:6. Judge van Keulen also found that "prejudice weighs very heavy in this case because of where we are in the case." *Id.* 45:23-24.

Unicorn argues that Judge van Keulen made three erroneous factual assumptions. First, Unicorn argues that no evidence suggests that a motion to compel would have resulted in Tesla's earlier production of the schematics or code. Mot. at 2. Tesla responds that it produced the aforementioned documents regarding Megapack 2 by 2022, and whether a subsequent motion to compel would have yielded additional documents is irrelevant as Unicorn had relevant technical documents but chose instead to rely on Ozbek. Opp. at 3.

3

1    Second, Unicorn argues that Judge van Keulen incorrectly found that the issue of ▓
2    was "raised in much of the parties' earlier meet and confer over sufficiency of this contention."
3    Mot. at 2-3 (quoting 11/7 Hearing Tr. 77:19-78:2).  Tesla responds that whether the prior motion
4    briefing on Megapack 2 used the word "▓" is irrelevant because Judge van Keulen was
5    referring to the broader "'communication interface' limitation."  Opp. at 3.  Tesla contends that
6    Judge van Keulen accurately described that the parties had discussed the limitation "'in much of
7    the parties' earlier meet and confer over the sufficiency of this contention' at which time Tesla had
8    already conveyed that Megapack 2 did not use the configuration described in Ozbek."  *Id.* (citing
9    ECF No. 188).

10   Third, Unicorn argues that the new MP2 schematics were not cumulative of "documents
11   [that] were produced in 2021."  Mot. at 3 (quoting 11/7 Hearing Tr. 11:23-12:7).  Tesla responds
12   that Unicorn mischaracterizes the relevance of the Megapack 2 schematics, that Unicorn relied on
13   the schematics to show that the Megapack 2 used an ▓, and that "Tesla produced a
14   schematic in 2021 illustrating that Megapack 2 used an ▓."  Opp. at 3-4.

15   Unicorn also points to *Illumina*, where the court found that a non-movant's "failure to
16   produce any document about CoolMPS's chemical structure pursuant to Patent L.R. 3-4(a) meant
17   that [movant] could not have discovered the basis for amendment with requisite diligence."  Mot.
18   at 2 (citing *Illumina*, 2021 WL 2400941, at *6).  Tesla responds that the instant matter is
19   distinguishable because the Court here found Unicorn had access to the information needed to
20   provide amendments earlier.  Opp. at 4.

21   Finally, Unicorn argues that Judge van Keulen did not "identify any particular prejudice to
22   Tesla, from "where we are in the case" or otherwise" because "[a]ny new theories were presented
23   almost a year before trial—and only because of Tesla's tardy production of MP2 schematics and
24   code."  Mot. at 3. Tesla responds that it would be prejudiced because addressing these
25   amendments would "require extending expert discovery and subsequent deadlines."  Opp. at 2.

26   The Court finds that Judge van Keulen did not commit clear error in denying Unicorn's
27   motion to amend with respect to the Megapack 2 theory.  First, Tesla provided significant
28   evidence at hearing that Unicorn had access to public and produced information that put it on

4

sufficient notice of what documents it would need to prove this infringement theory.  11/14 Hearing Tr. 28:2-30:2, 30:9-13, 32:17-33:24.  Unicorn makes no showing that they were unable to move to compel documents earlier.

Second, the Court agrees with Tesla's reading of the transcript – that Judge van Keulen was referring to the "communication interface" limitation and not ▬▬▬ specifically.  Thus, it was not clear error for her to say that the issue was "raised in much of the parties' earlier meet and confer over sufficiency of this contention."  11/7 Hearing Tr. 77:19-78:2.

Third, the parties state that Judge van Keulen found "that the referenced, later-produced [MP2] schematics were cumulative in all material respects."  Opp. at 4; *see also* Mot. at 3.  Unicorn appears to be referring to the beginning of the November 7, 2023 hearing, where Judge van Keulen is summarizing arguments presented to her:

> And Tesla's arguments against the amendments, again from my perspective, seem to be to the extent there are citations to old documents that were produced in 2021, that a certain amount of the technical information or the technical information recently produced is cumulative of earlier technical information. And let me say that, you know, obviously ***the parties dispute what is cumulative***, it is not the same thing as duplicative, and we'll -- ***that's not -- that's really an evidentiary battle that I don't need to drill down on***.

11/7 Hearing Tr. 11:23-12:7.  Judge van Keulen later noted that "there may even be an argument that the documents that were produced in 2021 certainly addressed Megapack 2" but that "Unicorn could have followed up" with motions to compel earlier.  11/14 Hearing Tr. 47:23-48:6.  The Court finds that Judge van Keulen's ruling did not rely on a determination that Megapack 2 discovery was cumulative, thus the Court cannot find that such a determination was erroneous.

Finally, the Court finds no clear error in Judge van Keulen's finding that Tesla would be prejudiced.  Judge van Keulen explained that there is prejudice because "we are already well into the exchange of expert reports" and "all this came up at the end of discovery."  11/14 Hearing Tr. 45:22-46:3.  More importantly, Judge van Keulen found that the delay here was due to a lack of diligence, noting that "Unicorn could have and did not move during the course of the case to compel production on where it thought it had missing pieces."  11/7 Hearing Tr. 16:24-17:1.  The Court finds no clear error in Judge van Keulen's factual finding that Unicorn could have

5

1  compelled production earlier but did not, and no clear error in Judge van Keulen's legal
2  conclusion that Unicorn's failure to timely compel production constitutes a lack of diligence. *See*
3  *Netlist*, 2010 WL 1838693, at *2. Unicorn argues that Judge van Keulen did not identify
4  "particular prejudice to Tesla," *see* Mot. at 2, but that was not necessary; a finding of a lack of
5  diligence alone justifies denial of leave to amend. *Illumina*, 2021 WL 2400941, at *3 ("[I]f the
6  moving party was not diligent, the inquiry should end.") (quoting *Apple v. Samsung*, 2013 WL
7  3246094, at *1). Thus, Unicorn's Motion for Relief regarding the Megapack 2 is denied.

**B.  Powerwall+ Bundle**

Judge van Keulen found that the ▮▮▮▮▮▮▮▮ theory disclosed in Unicorn's amended infringement contentions was added too late. Specifically, she found:

> With regards to adding the Powerwall[+], I find that there is a lack of sufficient diligence, because the product has been out and about, and could have appeared in the original contentions. . . . This is just a variation of the Powerpack 1, 1.5, 2 that we discussed last week. This is a different and unique product from Powerwall, and was out there, and could have been added. To just add it now to the list of accused products is too late, and would be unduly prejudicial.

11/14 Hearing Tr. 47:6-15.

Unicorn's initial contentions accused "the *Powerwall . . . **in all versions, configurations, and variations***, including . . . *Powerwall 2 AC*." ECF No. 275-3, 2-3. According to Unicorn, the Powerwall+ "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." ECF No. 275-4, 88:4-6. Furthermore, Unicorn submits evidence that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." *Id.*, 88:22-25. Unicorn argues that its amendment simply took the opportunity to expressly name the Powerwall+.

Unicorn contends that Judge van Keulen erred by accepting self-serving (and contradictory) attorney argument from Tesla that "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." Mot. at 4 (quoting 11/14 Hearing Tr. 9:24, 11:4-6). Unicorn adds that Tesla would not be prejudiced by the amendment because they were "on notice" from the initial contentions "that a ▮▮▮▮▮▮▮▮ meets the gateway and switch limitations." Mot. at 4 (citing ECF No. 275-3 at 129-30, 151). Tesla responds that Judge van Keulen's order follows the local patent rules, and

found that Tesla would be prejudiced because it would need to conduct at least additional damages discovery and expert analysis. Opp. at 4-5.

The Court agrees with Tesla. The local rules require Unicorn to "identif[y] accused products with specificity." Opp. at 4 (quoting Patent L.R. 3-1(b)). The Court finds no clear error in Judge van Keulen's determination that identifying a product with the broad language "in all versions, configurations, and variations" does not meet the specificity required by the local rules. Furthermore, the Court finds no clear error in Judge van Keulen's determination that Tesla would be prejudiced. Unicorn does not address damages discovery in its motion, and provided no authority for its suggestion that there is no prejudice simply because one is "on notice" of a potential, yet undisclosed theory. Regardless, Judge van Keulen's finding of a lack of diligence, 11/14 Hearing Tr. 47:6-15, alone justifies denial of leave to amend. *Illumina*, 2021 WL 2400941, at *3. Thus, Unicorn's Motion for Relief regarding the ▇▇▇▇▇▇▇▇ is denied.

C.  ▇▇▇▇▇▇▇▇▇▇▇▇

Unicorn moved to amend based on the ▇▇▇▇▇▇▇▇▇▇. The so-called "▇▇▇▇▇▇" is one way the accused products autonomously control charging or discharging of the battery. *See, e.g.*, ECF No. 275-3, 82-83, 88-89 (initial contentions addressing "autonomous ▇▇▇▇▇▇" and related code that "stop[s] power conversion"). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." ECF No. 275-4 193:6-8.

Unicorn appeals two findings. First, Judge van Keulen found that Unicorn's amendments related to the ▇▇▇▇▇▇▇▇ were prejudicial because they "don't appear as proposed to be sufficiently tethered to an existing contention." 11/14 Hearing Tr. 48:7-15. Second, Judge van Keulen found that Unicorn's amendments related to the "communication interface" limitation were prejudicial because they introduced a new theory. 11/7 Hearing Tr. 64:9-11.

First, Unicorn argues that the ▇▇▇▇▇▇▇▇ finding was erroneous because the amendment is "tethered" to the initial contentions. Unicorn cites to its initial contentions, which state that the energy storing component can separate by "stopping power conversion, thus stopping the flow of energy between the energy storing component and the supply network (e.g., ▇▇▇

7

1    ▇▇▇)." Mot. at 5 (citing ECF No. 275-3 at

2    27). Unicorn concludes that "this is precisely what ▇▇ refers to—when ▇

3    ▇▇▇.'" *Id.* (citing ECF No. 275-4 193:6-8).

4        Tesla responds that Unicorn's initial contentions discuss the ▇▇, but do not

5    identify it as satisfying this limitation, instead accusing an "▇▇." Opp. at 5 (citing ECF

6    No. 279-1 (First Amended Infringement Contentions) at 46). Tesla also argues that Unicorn's

7    amendment is based on TESLA-UNICORN-00000187, which was produced in 2021. *Id.*

8        The Court agrees with Tesla. Unicorn puts forth no evidence that the initial contentions

9    accused the ▇▇. Thus, the Court finds no clear error with Judge van Keulen's ruling that

10   the amendments "don't appear as proposed to be sufficiently tethered to an existing contention"

11   and are there "unduly prejudicial." 11/14 Hearing Tr. 48:7-15.

12       Second, Unicorn argues that Judge van Keulen's denial of Unicorn's motion to "amend to

13   clarify its existing contention that the accused products communicate indirectly via a bus

14   controller" is clearly erroneous because it is not a new theory. Mot. at 5. Unicorn explains that

15   "[s]uch information regarding the supply network can be communicated to the ▇ either ▇

16   ▇▇ in the supply network, ▇▇▇."

17   *Id.* (quoting ECF No. 275-3 at 24) (emphasis in original). Unicorn claims that since Tesla

18   provided testimony on August 18 and source code on August 28 that further details that ▇

19   ▇▇ *see, e.g.*, ECF No. 292-2 (First Amended Infringement Contentions) at 43-44,

20   adding those newly revealed details is not stating a new theory. Mot. at 5.

21       Tesla responds that "amendment based on [the August 28] source code" and reference to

22   indirect communication cited in Unicorn's motion were both allowed by Judge van Keulen. Opp.

23   at 5 (citing ECF No. 292-2 (First Amended Infringement Contentions) at 24-25, 109, 11/7 Hearing

24   Tr. 64:9-11). Tesla acknowledges that Judge van Keulen did not strike the portion of the amended

25   infringement contentions beginning with "An example of this indirect communication is shown"

26   and ending with "pods." 11/7 Hearing Tr. 64:1-11; *see* ECF No. 292-2 at 23. Rather, Tesla notes

27   that Judge van Keulen did strike new theories based on discovery that could have been compelled

28   earlier. 11/7 Hearing Tr. 64:1-11, 96:8-97:4. Opp. at 5.

1    The Court agrees with Tesla. As Tesla notes, amendments based on source code and
2    indirect communications were allowed. 11/7 Hearing Tr. at 64:1-11. The portion stricken by
3    Judge van Keulen refers to when ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, which Tesla argued and Judge van Keulen agreed was a newly
5    disclosed theory. 11/7 Hearing Tr. at 60:8-63:10 (Tesla arguing that its objection was not to
6    indirect communications across Pods, but rather to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), 63:3-64:11 (adopting Tesla's argument); *see also id.* 96:8-97:4
8    (striking amendment based on the August 18, 2023 deposition of Dr. Gomm); ECF No. 292-2 at
9    24 (stricken portions of the "communication interface" amendment are based in part on August 18,
10   2023 deposition of Dr. Gomm). The Court finds no clear error in Judge van Keulen's factual
11   finding that the stricken theory depends on recently disclosed evidence such as the August 18,
12   2023 deposition of Dr. Gomm that Unicorn could have sought sooner. Nor is there clear error in
13   Judge van Keulen's legal conclusion that Unicorn's failure to timely compel production shows a
14   lack of diligence that alone justifies denial of leave to amend. *See Netlist*, 2010 WL 1838693, at
15   *2; *Illumina*, 2021 WL 2400941, at *3. Thus, the Court finds no clear error in Judge van Keulen's
16   finding that the amendment is prejudicial because it is a new theory based on evidence that could
17   have been compelled sooner.
18   Having found no clear error in Judge van Keulen's findings, Unicorn's Motion for Relief
19   regarding these two amendments is denied.
20   **IV.   ORDER**
21   For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Unicorn's Motion for
22   Relief from Magistrate Judge Susan van Keulen's Nondispositive Pretrial Order (ECF No. 291) is
23   DENIED.
24
25   Dated: December 15, 2023

_____
BETH LABSON FREEMAN
United States District Judge