**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNICORN ENERGY GMBH,<br><br>   Plaintiff,<br><br>  v.<br><br>TESLA INC.,<br><br>   Defendant. | Case No. 21-cv-07476-BLF<br><br>**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL; DENYING ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[Re: ECF No. 316, 326, 327] |

Before the Court are three administrative motions:

1. Administrative Motion to File Under Seal Tesla's Motion to Strike Portions of Dr. Marc Herniter's Opening Expert Report. ECF No. 316.

2. Administrative Motion to File Under Seal. ECF No. 326.

3. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 327.

For the reasons described below, the administrative motions are DENIED.

**I. BACKGROUND**

On December 27, 2023, Tesla filed a Motion to Strike Portions of Dr. Marc Herniter's Opening Expert Report. ECF No. 315. That same day, Tesla filed an Administrative Motion to File Under Seal Tesla's Motion to Strike Portions of Dr. Marc Herniter's Opening Expert Report. ECF No. 316.

On January 9, 2024, Unicorn filed a Motion to Exclude Expert Testimony of Dr. Christopher Rahn, Mr. Greg Tremelling, and Mr. Christopher Martinez. ECF No. 325. Unicorn filed two corresponding administrative motions: 1) Administrative Motion to File Under Seal,

1  ECF No. 326; 2) Administrative Motion to Consider Whether Another Party's Material Should Be
2  Sealed, ECF No. 327.  In response to ECF No. 327, Tesla filed a Statement of Non-Opposition re
3  Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No.
4  341.

## II.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79;  *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1120 (9th Cir. 2012) (holding that a "district court erred by failing to apply the 'compelling reasons' standard"); *Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-5659 WHA, 2021 WL 1091512, at *1 (N.D. Cal. Feb. 10, 2021) (applying compelling reasons standard to a *Daubert* order).

## III.  DISCUSSION

### A.  ECF No. 316

Tesla's administrative motion seeks to seal Exhibits 1 and 3 (opening expert reports) in their entirety.  ECF No. 316.  The Court finds that these proposed redactions are not narrowly tailored.  Furthermore, Defendants improperly rely on the "good cause" standard, and should instead rely on the "compelling reasons" standard.  *Midland Nat. Life*, 686 F.3d at 1120; *Finjan*, 2021 WL 1091512, at *1.  Thus, the Court denies the administrative motion at ECF No. 316.

### B.  ECF Nos. 326, 327

Unicorn's administrative motion seeks to seal Exhibits 1, 2, 4, 7, 10, 11 (expert reports and

1  deposition transcripts) in their entirety.  ECF No. 326-2.  Furthermore, Tesla's statement of non-
2  opposition in response to ECF No. 327 seeks to seal Exhibits 2, 4, and 11 (opening expert reports
3  and deposition transcripts) in their entirety.  ECF No. 341-1.  The Court finds that these proposed
4  redactions are not narrowly tailored.  Furthermore, the parties improperly rely on the "good cause"
5  standard, and should instead rely on the "compelling reasons" standard.  *Midland Nat. Life*, 686
6  F.3d at 1120; *Finjan*, 2021 WL 1091512, at *1.  Thus, the Court denies the administrative motions
7  at ECF Nos. 326, 327.

**IV.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. ECF No. 316 is DENIED.
2. ECF No. 326 is DENIED.
3. ECF No. 327 is DENIED.

The parties may refile these administrative motions by **February 6, 2024**.  Furthermore, the parties are granted a one-week extension for filing any sealing motions corresponding to opposition briefs due on January 26, 2024.  *See* ECF Nos. 344, 345.

Dated: January 24, 2024

_____
BETH LABSON FREEMAN
United States District Judge