1
2
3          **UNITED STATES DISTRICT COURT**
4          **NORTHERN DISTRICT OF CALIFORNIA**
5          **SAN JOSE DIVISION**
6

7   UNICORN ENERGY GMBH,                    Case No.  21-cv-07476-BLF
8                      Plaintiff,
9          v.                              **ORDER GRANTING ADMINISTRATIVE MOTIONS; DENYING ADMINISTRATIVE MOTIONS; GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS**
10  TESLA INC.,
11                     Defendant.
12
13                                         [Re:  ECF Nos. 374, 375, 376, 403, 405, 406, 407, 408, 420, 421, 423]

14          Before the court are eleven administrative motions filed in connection with the parties'

15  motions for summary judgment:

16          1.   Administrative Motion to Consider Whether Another Party's Material Should Be

17               Sealed.  ECF No. 374.

18          2.   Administrative Motion to Consider Whether Another Party's Material Should Be

19               Sealed.  ECF No. 375.

20          3.   Administrative Motion to File Under Seal Tesla's Motion for Summary Judgment.

21               ECF No. 376.

22          4.   Administrative Motion to File Under Seal Exhibit 30 to Its Opposition to Unicorn's

23               Motion for Partial Summary Judgment.  ECF No. 403.

24          5.   Administrative Motion to Consider Whether Another Party's Material Should Be

25               Sealed.  ECF No. 405.

26          6.   Administrative Motion to File Under Seal Regarding Plaintiff's Opposition to Tesla's

27               Motion for Summary Judgment.  ECF No. 406.

28          7.   Administrative Motion to Consider Whether Another Party's Material Should Be

Sealed.  ECF No. 407.

8.  Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 408.

9.  Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 420.

10. Administrative Motion to File Under Seal Tesla Reply in Support of Its Motion for Summary Judgment and Exhibits 24-27. ECF No. 421.

11. Administrative Motion to Consider Whether Another Party's Material Should Be Sealed.  ECF No. 423.

For the reasons described below, the Court rules as follows: the administrative motions at ECF Nos. 374, 376, 403, 405, 421 are GRANTED; the administrative motion at ECF No. 408, 420 are DENIED; the administrative motion at ECF No. 375, 406, 407, 423 are GRANTED IN PART AND DENIED IN PART.

## I.    LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.  *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Records attached to motions that are "not related, or only tangentially related, to the merits of a case," however, are not subject to the strong presumption of access.  *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often

1    unrelated, or only tangentially related, to the underlying cause of action.")  Parties moving to seal

2    the documents attached to such motions must meet the lower "good cause" standard of Rule

3    26(c).  *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted).  This standard

4    requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the

5    information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,

6    1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated

7    by specific examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins.*

8    *Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

9    **II.    DISCUSSION**

10       **A.    ECF No. 374**

11        Unicorn filed the Administrative Motion to Consider Whether Another Party's Material

12   Should Be Sealed on February 12, 2024.  ECF No. 374.  Tesla submitted a declaration and

13   exhibits.  ECF Nos. 390, 391.  Tesla seeks to seal portions of exhibits.  ECF No. 390-1 ¶ 3.  Tesla

14   writes that the information should be sealed because "[d]isclosure of this information would also

15   help Tesla's competitors advance their own technical development and shape their business

16   decisions, thereby harming Tesla's competitive standing in the energy storage industry."  *Id.* ¶ 4.

17   Tesla argues that the portions are narrowly tailored.  *Id.* ¶ 5.

18        The Court finds that compelling reasons exist to seal the highlighted portions of the

19   documents.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at

20   *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under

21   "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,

22   2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential

23   business information" in the form of "business strategies" sealable under the compelling reasons

24   standard.). The Court also finds that the request is narrowly tailored.

25        The Court's ruling is summarized below:

26   \\

27   \\

28   \\

3

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 373-8 (Ex. 7) | Excerpts of the Rebuttal Expert Report of Dr. Christopher D. Rahn ("Exhibit 7") | Highlighted portions at the following pages: 76, 77, 82, 83, 93, 94, 106, 107, 119-21, 127-31, 149, 150, 162-64, 166, 167. | Granted, as the highlighted portions of this document reflect specific technical details regarding Tesla Products. See infra ¶ 4. |

**B.    ECF No. 375**

Tesla filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on February 12, 2024.  ECF No. 375.  Unicorn submitted a declaration and exhibits.  ECF Nos. 392, 393.  Unicorn seeks to seal selected portions of the brief and its corresponding exhibits.  ECF No. 392-1 ¶ 2.  Unicorn writes that the information should be sealed because "disclosure of such information would allow Unicorn's competitors to shape their business decisions to undermine Unicorn's operational and strategic advantage in the energy storage industry."  *Id.* ¶ 10; see also *id.* ¶ 4-9.  Unicorn argues that the portions are narrowly tailored.  *Id.* ¶ 2.

The Court finds that compelling reasons exist to seal the certain portions of the highlighted portions of the documents.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). Except as otherwise noted below, the Court also finds that the request is narrowly tailored.  Where the Court has denied the motion to seal, it is because the document does not appear to contain sensitive or confidential material, or the request is overly broad.  *See* Civ. L.R. 79-5 ("A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents").

The Court's ruling is summarized below:

\\

United States District Court
Northern District of California

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 375.01 | Tesla's Motion for Summary Judgment | Portions highlighted for redaction at the following page and line numbers: 5:8-25; 9:15; 10:7-10; 10:23-24; 10:27-11:6; 13:13-14 | Granted, as the cited portions of the document reflect specific details of Unicorn's sensitive strategic, financial, and internal technical information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. |
| 375.05 | Exhibit 2 (ZAI 000001) | Entire document | **DENIED** as overly broad. Furthermore, neither the email nor attachment are marked in such a way to suggest that the information is confidential |
| 375.06 | Exhibit 3 (ZAI 000034) | Entire document | **DENIED** as overly broad. Furthermore, the attachment is not marked in such a way to suggest that the information is confidential |
| 375.07 | Exhibit 4 (ZAI 000751) | Portions highlighted for redaction at the following page numbers: 2-3 | Granted, as the cited document reflects specific details of Unicorn's sensitive strategic and financial information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. |
| 375.08 | Exhibit 5 (ZAI 000814) | Portions highlighted for redaction at the following page numbers: 1, 2, 4 | Granted, as the cited document reflects specific details of Unicorn's sensitive strategic and financial information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. |
| 375.09 | Exhibit 6 (email string between Tesla's counsel (J. Smith) and | Portions highlighted for redaction on the following pages: 2 | Granted, as the parties dispute whether reflects confidential settlement communications. |

| | | | |
|---|---|---|---|
| | Unicorn's counsel (D. Jonas), dated April 5, 2023 to April 13, 2023) | | |
| 375.10 | Exhibit 7 (excerpts from the deposition transcript of Felix Friedrich) | Entire excerpt | **DENIED** as overly broad. |
| 375.13 | Exhibit 10 (excerpts from the deposition transcript of Christian Zugel) | Entire excerpt | **DENIED** as overly broad. |
| 375.14 | Exhibit 11 (excerpts from Unicorn's First Supplemental Responses and Objections to Tesla's Second Set of Interrogatories (Nos. 12 and 14)) | Entire excerpt | **DENIED** as overly broad. |
| 375.15 | Exhibit 12 (excerpts from Unicorn's Second Supplemental Responses and Objections to Tesla's Interrogatories (Nos. 2, 4 and 8)) | Entire excerpt | **DENIED** as overly broad. Furthermore, the information does not appear to be confidential or sensitive. |
| 375.16 | Exhibit 13 (excerpts from the Rebuttal Expert Report of Dr. Christopher D. Rahn) | Pages highlighted for redaction: 217-236 | **DENIED** as to paragraph 468, and otherwise granted, as the cited portions of the document reflect specific details of Unicorn's sensitive strategic and internal technical information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | | | ONLY" under the Stipulated Protective Order. |
| 375.21 | Exhibit 18 (excerpts from the deposition transcript of Axel Heinemann) | Portions highlighted for redaction at the following page and line numbers: 17:15-18:14 | Granted, as the cited portions of the document reflect specific details of Unicorn's sensitive strategic, financial, and internal technical information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. |

## C.   ECF No. 376

Tesla filed the Administrative Motion to File Under Seal Tesla's Motion for Summary Judgment on February 13, 2024.  ECF No. 376.  Tesla seeks to seal selected portions of the brief and its corresponding exhibits.  *Id.*  Tesla writes that the information should be sealed because "public disclosure of this highly confidential information would allow Tesla's competitors to reverse engineer and achiever similar results in their own products" and "would also help Tesla's competitors advance their own technical development and shape their business decisions, thereby harming Tesla's competitive standing in the energy storage industry."  *Id.* ¶ 4.  Tesla argues that the portions are narrowly tailored.  *Id.* ¶ 6.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

\\

United States District Court
Northern District of California

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 375-1 | Tesla's Motion for Summary Judgment ("Tesla's Motion") | Highlighted portions at the following pages and lines: 3:4-5, 3:18-20, 3:22-25, 6:14-16, 15:18, 15:21-24, 15:26-27, 16:8, 16:10, 16:13-14, 16:17, 16:19, 16:25, 16:27, 17:1-5, 17:9, 17:11-12, 17:14-15, 18:2, 18:5, 18:10, 18:12-13, 18:16, 18:18-20, 19:1-4, 20:12-13, 20:16, 20:26, 21:5-6, 21:9, 21:20-21, 21:26, 22:10, 22:23, 23:10, 23:13, 23:15, 23:21-24:4. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 376-1 ¶ 4. |
| Ex. 1 | Excerpts of Transcript from Deposition of Ralf Gomm, dated Aug. 18, 2023 ("Exhibit 1") | Highlighted (with red outline) portions at the following pages and lines: 188:1-190:25, 231:5-24, 232:2-234:25. | Granted, as the highlighted portions of this document reflect specific technical details and Tesla's strategic and operational information. *See* ECF No. 376-1 ¶¶ 4, 5. |
| Ex. 13 | Excerpts of Rebuttal Expert Report of Dr. Christopher D. Rahn, dated Nov. 22, 2023 ("Exhibit 13") | Highlighted portions at the following pages: 216-17. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 376-1 ¶ 4. |
| Ex. 16 | Third Errata to the Oct. 17, 2023 Initial Expert Report of Marc Herniter ("Exhibit 16") | Highlighted portions at the following pages: 2, 3, 4. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products and Tesla's strategic and operational information. *See* ECF No. 376-1 ¶¶ 4, 5. |
| Ex. 17 | Excerpts of Transcript from Deposition of Dr. Marc Herniter, dated Dec. 22, 2023 ("Exhibit 17") | Highlighted (with red outline) portions at the following pages and lines: 246:4. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 376-1 ¶ 4. |
| Ex. 19 | Excerpts of Transcript from Deposition of Mehmet | Highlighted (with red outline) portions at the following pages and lines: 68:2-4, 68:13-19, 68:25-69:1, 69:12-13, 69:17-72:22, 73:6-10, 73:18-76:3, | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 376-1 ¶ 4. |

| | | | |
|---|---|---|---|
| | Ozbek, dated Sep. 7, 2023 ("Exhibit 19") | 76:8-9, 76:19-25, 84:1-85:25, 86:3-87:10. | |
| Ex. 20 | Excerpts of Transcript from Deposition of AJ Booth, dated Sep. 12, 2023 ("Exhibit 20") | Highlighted (with red outline) portions at the following pages and lines: 159:1-160:7, 160:19-161:25, 205:1-207:4, 207:12-13, 207:22-23, 208:6-25. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 376-1 ¶ 4. |

### D.    ECF No. 403

Tesla filed the Administrative Motion to File Under Seal Exhibit 30 to Its Opposition to Unicorn's Motion for Partial Summary Judgment on March 4, 2024.  ECF No. 403.  Tesla seeks to seal selected portions of the brief and its corresponding exhibits.  ECF No. 403-1 ¶ 3.  Tesla writes that the information should be sealed because "disclosure of such information would allow Tesla's competitors to shape their business decisions to undermine Tesla's operational and strategic advantage in the energy storage industry."  *Id.* ¶ 4.  Tesla argues that the portions are narrowly tailored.  *Id.* ¶ 5.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| Ex. 30 | Excerpts from 10/17/2023 Expert Report of James E. Malackowski ("Exhibit 30") | Highlighted portions at pages 5 and 80. | Granted, as the highlighted portions of this document reflect Tesla strategic and operational information. See Smith Decl. ¶ 4. |

United States District Court
Northern District of California

**E.     ECF No. 405**

Unicorn filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on March 4, 2024.  ECF No. 405.  Tesla submitted a declaration and exhibits. ECF Nos. 414, 415.  Tesla seeks to seal selected portions of the brief and its corresponding exhibits.  ECF No. 414-1 ¶ 3.  Tesla writes that the information should be sealed because "public disclosure of this highly confidential information would allow Tesla's competitors to reverse engineer and achiever similar results in their own products" and "would also help Tesla's competitors advance their own technical development and shape their business decisions, thereby harming Tesla's competitive standing in the energy storage industry."  *Id.* ¶ 4.  Tesla argues that the portions are narrowly tailored.  *Id.* ¶ 5.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 404 | Unicorn's Opposition to Tesla's Motion for Summary Judgment ("Unicorn's Opposition") | Highlighted portions with red borders at the following pages and lines: 15:11-15, 15:17-28, 16:2-3, 16:5, 16:7-11, 16:14-24, 16:26-17:1, 17:3, 17:11-21, 18:1-8, 18:10-14, 18:16-19, 18:22-23, 18:25-26, 19:5-6, 19:10-11, 19:13-14, 19:16-18, 19:25, 19:27, 20:4-5, 20:8, 20:12-15, 20:24, 20:28, 21:2-4, 21:6, 21:10, 21:17, 21:24-22:1, 22:3-20, 22:24-26, 22:28-23:5, 23:22, 23:25-26, 24:14- | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products.  *See* ECF No. 414-1 ¶ 4. |

United States District Court
Northern District of California

|  |  |  | 15, 25:3-12, 25:14, 25:18. |  |
|---|---|---|---|---|
| Ex. 6 | Excerpts from the Initial Expert Report of Marc Herniter Regarding Infringement of U.S. Patent No. 10,008,869 ("Exhibit 6") | Highlighted portions with red borders at the following pages: 20-21, 25-26, 216-217, 320, 324, 342-344, 376, 395-397, 401, 437-439, 473. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 414-1 ¶ 4. |
| Ex. 9 | Excerpts from the deposition transcript of Ralf Gomm, Ph.D., dated August 18, 2023 ("Exhibit 9") | Highlighted portions with red borders at the following pages and lines: 148:2-5, 148:6-149:25, 242:1-11, 242:13-18, 242:20-244:25. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 414-1 ¶ 4. |
| Ex. 10 | Excerpts from the deposition transcript of AJ Booth, dated September 12, 2023 ("Exhibit 10") | Highlighted portions with red borders at the following page and lines: 244:1-25. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 414-1 ¶ 4. |
| Ex. 12 | Excerpts from Tesla, Inc.'s First Supplemental Responses to Unicorn Energy AG's Fifth Set of Interrogatories (Nos. 16, 18), dated September 14, 2023 ("Exhibit 12") | Highlighted portions with red borders at the following pages and lines: 2:28-3:1, 3:3-6, 3:8-11, 3:13-18, 3:21-4:4, 4:8, 4:10-11, 4:13-19, 4:21-27, 5:8-18, 5:21-22, 5:24, 5:27-28. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 414-1 ¶ 4. |

United States District Court
Northern District of California

| Ex. 13 | Excerpts from the deposition transcript of Yuval Joseph, dated October 11, 2023 ("Exhibit 13") | Highlighted portions at with red borders at the following pages and lines: 61:1-3, 61:5, 61:7-10, 61:13-15, 61:17-23, 62:1, 62:3-17, 62:20-22, 62:24-63:10, 63:13-14, 63:16-19, 63:21-22, 63:24-25, 94:2-6, 94:9-10, 94:12-95:8, 95:13-14, 95:25, 127:3, 127:5-7, 127:10, 127:12-17, 127:20, 127:22-128:13, 128:15-19, 128:22, 128:24-129:14, 129:17, 129:19-23, 130:1-3, 130:5-8, 130:10-14, 130:19-25. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 414-1 ¶ 4. |
| Ex. 14 | Excerpts from the deposition transcript of Marc Herniter, dated December 22, 2023 ("Exhibit 14") | Highlighted portions with red borders at the following pages and lines: 143:1-3, 143:6-12, 143:14-16, 143:18-20, 143:22-25, 198:2-9, 198:11-12. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 414-1 ¶ 4. |
| Ex. 15 | Excerpts from the Rebuttal Expert Report of Dr. Christopher D. Rahn, dated November 22, 2023 ("Exhibit 15") | Highlighted portions with red borders at the following pages: 80, 125, 160. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 414-1 ¶ 4. |
| Ex. 16 | Excerpts from the deposition transcript of Christopher D. Rahn, dated December 16, 2023 ("Exhibit 16") | Highlighted portions with red borders at the following pages and lines: 451:9-11, 451:14-452:1. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See* ECF No. 414-1 ¶ 4. |

**F.    ECF No. 406**

Unicorn filed the Administrative Motion to File Under Seal Regarding Plaintiff's Opposition to Tesla's Motion for Summary Judgment on March 4, 2024.  ECF No. 406.  Unicorn seeks to seal selected portions of the brief and its corresponding exhibits.  ECF No. 406-1 ¶ 3. Unicorn writes that the information should be sealed because "reveals sensitive commercial

United States District Court
Northern District of California

information about Unicorn Energy's products, business assets, and its business and financial strategy. Thus, public disclosure of such information may lead to competitive harm to Unicorn as its competitors could use these details to gain a competitive advantage in the marketplace." *Id.* ¶ 9.  Unicorn argues that the portions are narrowly tailored.  ECF No. 406 at 4.

The Court finds that compelling reasons exist to seal the certain portions of the highlighted portions of the documents.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.).  Except as otherwise noted below, the Court also finds that the request is narrowly tailored.  Where the Court has denied the motion to seal, it is because the document does not appear to contain sensitive or confidential material, or the request is overly broad.  *See* Civ. L.R. 79-5 ("A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents").

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 403.1 | Unicorn's Opposition to Tesla's Motion for Summary Judgment | Portions highlighted at the following page numbers: 1:2-8, 5:2-6, 5:7, 5:9-10, 6:8-10, 8:15, 8:17-18, 8:20, 8:23, 10:4, 10:6-9, 10:14-20, 10:24-26, 10:28-11:6, 11:26-28, 12:9-13, 12:25-26, 13:3-4, 13:14-19 | Granted, as the cited portions of the document reflect specific details of Unicorn's sensitive strategic business and financial information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order.  *See* Jonas Declaration ISO MFUS ¶4. |

| 403.2 | Tesla, Inc.'s First Set of Requests for Admission to Unicorn Energy AG (Nos. 1-75), dated August 15, 2023 ("Exhibit 1") | Portions highlighted for redaction at the following page and line numbers: 6:15-7:18 | Granted, as the cited portions of the document reflect specific details of Unicorn's sensitive strategic business and financial information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. *See* Jonas Declaration ISO MFUS ¶5. |
| --- | --- | --- | --- |
| 403.3 | Excerpts from the deposition transcript of Thomas Weis, dated August 31, 2023 ("Exhibit 3") | Portion highlighted for redaction at the following pages: 5:19-22; 165:1-25 | Granted, as these transcript excerpts reflect specific details of Unicorn's sensitive strategic, financial, and technical information, which has been designated as "RESTRICTED – CONFIDENTIAL SOURCE CODE" under the Stipulated Protective Order. These transcript excerpts also reflect confidential, non-public personal information implicating witness or employee privacy. *See* Jonas Declaration ISO MFUS ¶6-7. |
| 403.4 | Excerpts from the deposition transcript of Felix Friederich, dated September 5, 2023 (Exhibit 4") | Portion highlighted for redaction at the following pages: 209:3-25; 212:1-25 | Granted, as these transcript excerpts reflect specific details of Unicorn's sensitive strategic, financial, and technical information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. *See* Jonas Declaration ISO MFUS ¶8. |
| 403.5 | Plaintiff Unicorn Energy AG's First Supplemental Responses and Objections to Defendant Tesla, Inc.'s | Portion highlighted for redaction at the following pages: 9:18-10:8 | Granted, as the cited portions of the document reflect specific details of Unicorn's sensitive strategic business and financial information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" |

| | | | |
|---|---|---|---|
| | Second Set of Interrogatories (Nos 12 and 14), dated September 14, 2023, with Verification of Interrogatory Answers, dated September 15, 2023 ("Exhibit 5") | | under the Stipulated Protective Order. *See* Jonas Declaration ISO MFUS ¶8. |
| 403.2 | Tesla, Inc.'s First Set of Requests for Admission to Unicorn Energy AG (Nos. 1-75), dated August 15, 2023 ("Exhibit 1") | Portions highlighted for redaction at the following page and line numbers: 6:15-7:18 | Granted, as the cited portions of the document reflect specific details of Unicorn's sensitive strategic business and financial information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. *See* Jonas Declaration ISO MFUS ¶5. |
| 403.6 | Excerpts from the Initial Expert Report of Marc Herniter Regarding Infringement ("Exhibit 6") | Portions highlighted for redaction at the following page numbers: 470-473 (¶¶ 1126-34) | Granted, as the cited portions of the document reflect specific details of Unicorn's sensitive technical information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. *See* Jonas Declaration ISO MFUS ¶6. |
| 403.7 | Excerpts from Plaintiff Unicorn Energy AG's Second Supplemental Responses and Objections to Defendant Tesla, Inc.'s First Set of Interrogatories (Nos 2, 4, and | Entire Excerpt | **DENIED** as overly broad. |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| | 8) and Third Supplemental Response and Objections to Interrogatory No. 5, dated September 14, 2023, with Verification of Interrogatory Answers, dated September 15, 2023 ("Exhibit 7") | | |
| 403.10 | Excerpts from the deposition transcript of Axel Heinemann, dated October 3, 2023 ("Exhibit 8") | Entire Excerpt | **DENIED** as overly broad. |
| 403.13 | Excerpts from the deposition transcript of Marc Herniter, dated December 22, 2023 ("Exhibit 14") | Portion highlighted for redaction at the following pages: 5:6-9 | Granted, as these transcript excerpts reflect confidential, non-public personal information implicating witness or employee privacy. *See* Jonas Declaration ISO MFUS ¶7. |

### G.    ECF No. 407

Tesla filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on March 4, 2024.  ECF No. 407.  Unicorn submitted a declaration and exhibits. ECF Nos. 411, 412.  Unicorn seeks to seal selected portions of the brief and its corresponding exhibits.  ECF No. 411-1 ¶ 2.  Unicorn writes that the information should be sealed because "[p]ublic disclosure of such information would allow Unicorn's competitors to shape their business decisions to undermine Unicorn's operational and strategic advantage in the energy storage industry."  *Id.* ¶ 7.  Unicorn argues that the portions are narrowly tailored.  *Id.* ¶ 8.

The Court finds that compelling reasons exist to seal the certain portions of the highlighted

portions of the documents.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). Except as otherwise noted below, the Court also finds that the request is narrowly tailored.  Where the Court has denied the motion to seal, it is because the document does not appear to contain sensitive or confidential material, or the request is overly broad.  *See* Civ. L.R. 79-5 ("A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents").

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 407.01 | Tesla's Opposition to Unicorn Energy's Motion for Partial Summary Judgment | Portions highlighted in **darker yellow** for redaction at the following page and line numbers: vii:7-16; 25:14-24 | Granted, as the cited portions of the document reflect specific details of Unicorn's sensitive strategic and financial information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. *See* ECF No. 411-1 ¶ 3. |
| 407.02 | Exhibit 24 | Entire document | **DENIED** as overly broad.  Furthermore, this document does not appear to contain "sensitive business strategy and financial decisions, and internal technical information" as claim by Unicorn.  *See* ECF No. 411-1 ¶ 4. |
| 407.03 | Exhibit 25 | Entire document | **DENIED** as overly broad.  Furthermore, this document does not appear to contain "sensitive business strategy and financial decisions, and internal technical information" as claim by Unicorn.  *See* ECF No. 411-1 ¶ 4. |
| 407.04 | Exhibit 26 | Entire document | Granted, as the cited document reflects specific details of Unicorn's internal technical information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. |

| | | | *See* ECF No. 411-1 ¶ 4. |
|---|---|---|---|
| 407.05 | Exhibit 27 | Entire document | **DENIED** as overly broad.  Furthermore, Unicorn has supplied no basis (confidentiality clause, NDA, etc.) to justify sealing portions of this document. |
| 407.06 | Exhibit 28 | Entire document | **DENIED** as overly broad.  Furthermore, Unicorn has supplied no basis (confidentiality clause, NDA, etc.) to justify sealing portions of this document. |
| 407.07 | Exhibit 29 | Entire document | **DENIED** as overly broad.  Furthermore, Unicorn has supplied no basis (confidentiality clause, NDA, etc.) to justify sealing portions of this document. |
| 407.08 | Exhibit 30 (Expert Report of James E. Malackowski) | Portions highlighted on page 5 and 81 | Granted, as the excerpted portions of this expert report reflect specific details of Unicorn's sensitive strategic and financial information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order.  *See* ECF No. 411-1 ¶ 6. |

**H.     ECF No. 408**

Tesla filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on March 4, 2024.  ECF No. 408.  The documents at issues "have been designated, or rely on documents that have been designated, 'Confidential' or 'Restricted – Attorneys' Eyes Only' by third-party Mr. Greg Tremelling."  *Id.*  Mr. Tremelling is not a party to this case, Tesla has not filed proof of service, and Mr. Tremelling has not filed a declaration.  As such, the motion is denied.

**I.     ECF No. 420.**

Unicorn filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on March 21, 2024.  ECF No. 420.  Tesla indicated that the materials identified do not contain Tesla's confidential information.  As such, the motion is denied.

\\

**J.    ECF No. 421.**

Tesla filed the Administrative Motion to File Under Seal Tesla Reply in Support of Its Motion for Summary Judgment and Exhibits 24-27 on March 21, 2024.  ECF No. 421.  Tesla seeks to seal selected portions of the brief and its corresponding exhibits.  ECF No. 421-1 ¶ 3. Tesla writes that the information should be sealed because "public disclosure of this highly confidential information would allow Tesla's competitors to reverse engineer and achiever similar results in their own products" and "would also help Tesla's competitors advance their own technical development and shape their business decisions, thereby harming Tesla's competitive standing in the energy storage industry."  *Id.* ¶ 4.  Tesla argues that the portions are narrowly tailored.  *Id.* ¶ 5.

The Court finds that compelling reasons exist to seal the highlighted portions of the document.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). The Court also finds that the request is narrowly tailored.

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| ECF 418 | Tesla's Reply in Support of Motion for Summary Judgment ("Tesla's Reply") | Highlighted portions at the following pages and lines: 1:10, 9:23-25, 9:28, 10:4, 10:6-11, 10:13, 10:17, 10:22-24, 10:28-11:3, 11:5, 11:7-9, 11:16, 11:18, 11:24, 11:26, 12:2-3, 12:5-9, 12:11, 12:14-15, 12:17-20, 13:8, 13:12-15, 13:23-24, 13:26-27, 14:4, 15:3-7, 15:9-10, 15:14-18, 15:21-23. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. See *infra* ¶ 4. |

United States District Court
Northern District of California

| Ex. 24 | Megapack Operation and Maintenance Manual ("Exhibit 24") | Entirety of document. | Granted, as the entirety of this document reflects specific technical details of Tesla Products. *See infra* ¶ 4.  Furthermore, the document is marked "SHARED UNDER NDA ONLY." |
|---|---|---|---|
| Ex. 25 | Excerpt of Transcript of 12/22/2023 Deposition of Marc Herniter ("Exhibit 25") | Highlighted portions with red boarders at the following pages and lines: 137:1-2, 137:4-6, 137:9-11, 137:13, 137:15-17, 137:19-138:5, 138:8-11, 138:13-15, 138:17-20, 138:22-139:5, 139:9-10, 139:12, 139:14-140:2, 140:5-6, 140:8-10, 140:12-16. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. See infra ¶ 4. |
| Ex. 26 | May 31, 2022 Letter from Tesla's counsel (J. Smith) to Unicorn Regarding Deficiencies in Unicorn's Infringement Contentions ("Exhibit 26") | Highlighted portions with red borders at the following pages: 4, 5, 7-11, 13-16. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See infra* ¶ 4. |
| Ex. 27 | June 8, 2022 Letter from Unicorn's Counsel (D. Jonas) to Tesla Regarding Unicorn's Infringement Contentions ("Exhibit 27") | Highlighted portions with red borders at the following page: 4. | Granted, as the highlighted portions of this document reflect specific technical details of Tesla Products. *See infra* ¶ 4. |

## K.   ECF No. 423.

Tesla filed the Administrative Motion to Consider Whether Another Party's Material Should Be Sealed on March 21, 2024.  ECF No. 423.  Unicorn submitted a declaration and exhibits.  ECF Nos. 425, 426.  Unicorn seeks to seal selected portions of the brief and its corresponding exhibits.  ECF No. 425-1 ¶ 2.  Unicorn writes that the information should be sealed because "[p]ublic disclosure of such information would allow Unicorn's competitors to shape their business decisions to undermine Unicorn's operational and strategic advantage in the energy storage industry."  *Id.* ¶ 5.  Unicorn argues that the portions are narrowly tailored.  *Id.* ¶ 6.

The Court finds that compelling reasons exist to seal the certain portions of the highlighted

portions of the documents.  *See Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *1 (N.D. Cal. Apr. 6, 2016) (finding "technical operation of [defendant's] products" sealable under "compelling reasons" standard); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020) (noting that courts have found "confidential business information" in the form of "business strategies" sealable under the compelling reasons standard.). Except as otherwise noted below, the Court also finds that the request is narrowly tailored.  Where the Court has denied the motion to seal, it is because the document does not appear to contain sensitive or confidential material, or the request is overly broad.  *See* Civ. L.R. 79-5 ("A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents").

The Court's ruling is summarized below:

| ECF or Exhibit No. | Document | Portion(s) to Seal | Ruling |
|---|---|---|---|
| 418 | Tesla's Reply in Support of its Motion for Summary Judgment | Portions highlighted in **darker yellow** for redaction at the following page and line numbers: i:9- 11; 1:3; 1:14; 1:16-17; 1:20-22; 3:21-26; 4:10; 4:13-15; 4:19-23; 4:25-27; 5:1; 5:6-9; 5:12-13; 5:27-6:14; 6:18-19; 7:6-23; 8:1-11; 8:28 | Granted, as the cited portions reflect specific details of Unicorn's sensitive strategic and financial information, and internal technical information, which has been designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. *See* Jonas Declaration ISO MFUS ¶ 3. |
| 423.01 | Exhibit 22 (portions of deposition transcript of Mr. Felix Friederich) | Entire excerpt | **DENIED** as overly broad. |
| 423.02 | Exhibit 23 (portions of deposition transcript of Mr. Axel Heinemman) | Entire excerpt | **DENIED** as overly broad. |

\\

**III.     ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   ECF No. 374 is GRANTED.

2.   ECF No. 375 is GRANTED IN PART AND DENIED IN PART.

3.   ECF No. 376 is GRANTED.

4.   ECF No. 403 is GRANTED.

5.   ECF No. 405 is GRANTED.

6.   ECF No. 406 is GRANTED IN PART AND DENIED IN PART.

7.   ECF No. 407 is GRANTED IN PART AND DENIED IN PART.

8.   ECF No. 408 is DENIED.

9.   ECF No. 420 is DENIED.

10. ECF No. 421 is GRANTED.

11. ECF No. 423 is GRANTED IN PART AND DENIED IN PART.

All denials are WITHOUT PREJUDICE.  Any refiled administrative motion SHALL be filed no later than **May 1, 2024**.  The Court will deny any future administrative motion with highlighting where various shades of the same color purport to have different meaning.  *See, e.g.*, ECF Nos. 425-1, 426.

Dated: April 10, 2024

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

22